[Civ. No. 9383. Third Dist. Feb. 3, 1959.]

PATRICIA ANN EDWARDS, Appellant, v. LARRY PALLESCHI, JR., Respondent.

Colley & Sakuma for Appellant.

Robert Carter for Respondent.

VAN DYKE, P. J.—This is an appeal by the mother of a minor son born to her May 3, 1954, from an order of court changing the custody of the child from appellant to the child's father. The parents had been divorced and by the divorce decree the custody had been awarded to appellant.

On December 6, 1956, respondent initiated a proceeding for a change of custody. An order to show cause was issued. It appears that for some time after the original custody order, appellant, with her child, had resided at the home of her parents in Modesto, in which city the father also resided. She then moved to Los Angeles, taking the child with her. After service on her of the order to show cause she returned to Modesto and resumed residence with her parents. At the hearing on the order appellant testified that in Los Angeles she had been living in a basement apartment. The status of one John Edwards respecting his relations with her was the subject of inquiry at the hearing. She testified that he was frequently in her apartment, occasionally stayed overnight there, but she denied that she and John Edwards were engaging in meretricious relations. She testified she had no

intention of marrying John Edwards, and intended to continue to reside with her parents. After having partially heard the matter, the court referred the case to the probation officer of the county for investigation. The court took further testimony in May of 1957. It appeared that respondent had recently remarried. The court, apparently dissatisfied with the domestic situation of both the father and mother, made an order giving legal custody of the child to the probation officer, with physical custody in the appellant's parents. No appeal was taken from that order. Shortly thereafter respondent discovered that appellant was pregnant and, shortly after the order had been made, had married John Edwards. He obtained a new order to show cause. A hearing on this order was held September 18, 1957. Appellant testified that she had married John Edwards July 3, 1957, and was presently living with him in Los Angeles, where he was employed; that she intended to continue to reside there with him; that she was expecting a child; that it was John Edwards's child; that the child was expected in November. (This would fix the date of conception in the preceding February, so that she had been about four months pregnant when she had testified at the last hearing on the preceding show cause order, denying in that testimony that she had ever engaged in meretricious relations with John Edwards.) She testified further that when she gave her testimony at the prior hearing she had not known she was pregnant. She made no attempt, however, to justify her testimony that she had not been engaging in meretricious relations with John Edwards.

The court, in this proceeding, made the following findings: From the probation officer's report received in evidence and the other evidence taken, the court found that respondent had a home which was adequate for the care of his son; that he was regularly and gainfully employed in Modesto and able to give his son proper support, care and guidance; that his new marriage appeared to be stable and the child would find in respondent's home a proper environment; that, on the other hand, appellant did not have a fit and proper home for the rearing of the child; that the best interests of the child lay in committing it to the care, custody and control of the father, subject to reasonable visitation rights to be accorded appellant; that a change of circumstances had taken place since the prior custodial orders in that appellant had married Edwards, moved to Los Angeles, and intended to reside there; that appellant had deliberately misled the court in prior pro-

ceedings with respect to her plans for the care of the child and had deliberately and intentionally misled the court with respect to her conduct and relationship with Edwards, particularly as to her moral conduct as affecting her fitness to have the custody of her son; that she had represented to the court that she had ceased all relationship with Edwards when in fact she was at the time having meretricious relations with him; that on one occasion when she was before the court, she was pregnant by Edwards and must have known of that fact, although still representing that she had never had meretricious relations with Edwards; that the best interests respecting the moral, temporal and economic welfare and security of the child would be served by awarding the custody of the child to respondent.

Asserting that the order of the court made June 28, 1957, awarding legal custody of the child to the probation officer was a valid order which had become final in that no appeal therefrom had been taken and that, the court having decreed in that order that neither parent was at that time a fit and proper person to have the custody of the child, appellant contends the court abused its discretion in issuing its order to show cause August 19, 1957. Appellant argues that the affidavit of respondent supporting the order to show cause failed to meet the change of circumstances test (16 Cal.Jur. 2d, § 268, p. 558; *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719]), in that it contained only allegations that at the time of making the June 28th order appellant had represented to the court that she was then residing in the home of her mother with said child and that she would continue to reside there and give the child the loving care and affection of a mother; that appellant no longer lived with her mother, had remarried and intended to move to Los Angeles. We find no abuse of discretion. ■ A custody order has no such finality as to be beyond change and upon the filing of the affidavit and the application for an order to show cause, the court could exercise its continuing jurisdiction over the subject matter of the child's custody. The sufficiency of the affidavit to state a cause for modification does not affect that jurisdiction to proceed and the ensuing order for change must be tested by the sufficiency of the evidence to support a change order.

■ The change of circumstances rule is not so hard and fast that it does not admit of exceptions. In *Foster* v. *Foster,* *supra,* page 728, the Supreme Court said:

"We do not wish to be understood as holding that 'the

change of circumstance' rule is an absolutely iron-clad rule, and that there can be no possible exception to it. . . . It is also possible to conceive of some theoretical case in which some fact, secret and hidden at the time of the entry of the former judgment, would in the interest of the welfare of the child, justify a court in modifying the former order of custody despite the fact that there had been no actual change of circumstances since the entry of the former order."

It is apparent from the record and from the findings of the trial court that we have such a case as was foretold in *Foster* v. *Foster*. The trial court was fully warranted in concluding: (1) That prior to its recently-made order giving custody to the probation officer, appellant had left her home in Modesto and taken the child to Los Angeles where she began living in an apartment to which John Edwards frequently repaired; that she was unlawfully cohabiting with him; that when met with inquiry as to her relations with him, she had sworn falsely to the court that those relations were wholly innocent; that by such false swearing she had concealed from the court her secret that she was in fact living in her apartment in meretricious relations with John Edwards; that in testifying as to the innocence of her relations with John Edwards she did so knowing that she was then pregnant by him; that when in this proceeding she was driven by the course of nature from her false position she attempted to better her position by again falsely swearing that when she testified falsely before she had not known that she was pregnant. The trial court, without any thought of punishing her for her derelictions, could well conclude, as it did, that the best interests of the child lay, for the present at least, in giving its custody to respondent, appellant having demonstrated grave character faults justifying the court's preferring the child's father to her in the matter of custody. The court that tried the divorce action, that had the parties before it frequently during the custody proceedings, and that had the advantage of observing both parents as they testified before it, was in the best position to judge what ought to be done concerning the child's custody. It is seldom that under such circumstances a reviewing court is justified in setting aside the decrees of the trial court. Regardless of the change of circumstances rule the situation justified the order granting custody to respondent.

We think it unnecessary to follow appellant in her discussion of specific findings and the asserted lack of the evidence

to support such findings, for, from a reading of the whole record, we are satisfied the order made is fully supported by the record.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.